UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COUNTRY JOE STEVENS, ) | |
| ) | 3:11-cv-00558-LRH-VPC |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| ALYSON JUNGEN, *et al.*, ) | |
| ) | |
| Defendants. ) | November 7, 2012 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for summary judgment (#33).[1] Defendants opposed (#36) and plaintiff replied (#37). The court has thoroughly reviewed the record, and recommends that plaintiff's motion for summary judgment (#33) be denied.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Country Joe Stevens ("plaintiff"), a *pro se* inmate, is currently incarcerated at Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ("NDOC") (#8). Plaintiff brings his civil rights complaint pursuant to 42 U.S.C. § 1983, alleging prison officials: (1) confiscated plaintiff's hot-pot in retaliation for plaintiff's exercise of his right to file prison grievances, in violation of the First Amendment; (2) transferred plaintiff's medically necessary wheelchair pusher out of his dorm in retaliation for plaintiff's exercise of his right to file prison grievances, in violation of the First Amendment (#8, pp. 6-7); (3) subjected

---

[1] Refers to the court's docket number.

plaintiff to cruel and unusual punishment by interfering with plaintiff's medical treatment, in violation of the Eighth Amendment (#8, p. 8); and (4) treated plaintiff differently than similarly situated inmates, in violation of the Equal Protection Clause of the Fourteenth Amendment (#8, p. 9).  The court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A (#7).  The court dismissed plaintiff's substantive due process claim, but allowed plaintiff's First Amendment retaliation claim, his Eighth Amendment medical care claim, and his Fourteenth Amendment equal protection claim to proceed (#8, pp. 6, 8).  The court notes that the only remaining defendants in this case are Senior Correctional Officer K. Corzine and caseworker Julie Rexwinkel (#7; #9).

Plaintiff alleges the following: on June 21, 2010, Correctional Officer A. Jungen confiscated plaintiff's approved hot-pot (#33, p. 6).  On June 23, 2010, plaintiff filed a prison grievance protesting Jungen's actions, but the grievance was denied (#8, p. 3).  Thereafter, plaintiff received a notice of charges drafted by defendant Corzine, alleging that Corzine had found plaintiff's hot-pot unattended with boiling water.  (#8, p. 3; #33, pp. 6-7).  Plaintiff "beat the charges," and his hot-pot was returned.  *Id.*  Plaintiff also filed grievances protesting Corzine's actions, which were denied (#8, p. 3).

On June 30, 2010, Correctional Officer Jungen, defendant Corzine and caseworker Buchanan moved plaintiff's approved wheelchair pusher, inmate Andre Woods, out of plaintiff's dorm (#8, p. 4).  This caused plaintiff "excruciating pain."  *Id.*  Plaintiff submitted three kites to Associate Warden of Programs ("AWP") Lisa Walsh, requesting the return of his approved wheelchair pusher (#33, p. 8).  On July 27, 2010, plaintiff spoke with caseworker Buchanan (#8, p. 4).  While plaintiff was explaining the problem, defendant Corzine walked into the office and informed plaintiff that inmate Andre Woods had been moved because plaintiff and Woods had called Correctional Officer Jungen a degrading name and had made threats against her and defendant Corzine.  *Id.*  After some

discussion, Corzine asked caseworker Buchanan to transfer inmate Andre Woods back to plaintiff's dorm. *Id.* at 5.

Plaintiff alleges that defendants repeatedly assigned him short-term wheelchair pushers who were reluctant to accept the job and do what was needed (#33, p. 8). Plaintiff contends that defendant Julie Rexwinkel refused to assign him a wheelchair pusher despite orders from Dr. Gedney and AWP Walsh (#8, p. 12; #33, p. 8). Plaintiff also contends that defendant Rexwinkel accused plaintiff of calling her a "tramp" and threatened to move plaintiff out of his corner bunk and into a bunk in which he would not have easy access into his wheelchair if plaintiff filed the instant complaint (#8, p. 13; #33, p. 9).

Plaintiff avers that defendant Corzine and defendant Rexwinkel's actions were vindictive and were meant to cause deliberate pain and suffering (#8, p. 4; #33, p. 9). Plaintiff also asserts that defendants treated him differently than other similarly situated inmates, and that their actions did not advance any legitimate penological goals (#33, p. 9).

Plaintiff now moves for summary judgment on the grounds that: (1) plaintiff has made a *prima facie* case for retaliation, interference with medical care, and unequal treatment in violation of the Equal Protection Clause (#33, pp. 5, 9, 19-20); and (2) plaintiff has set forth evidence showing that there are genuine issues of material fact for trial "upon which plaintiff is entitled to prevail as a matter of law" (#33, pp. 5, 10, 12). Plaintiff has attached several documents to support his motion for summary judgment, including: a statement identifying the disputed facts that merit a trial (#33, pp. 19-21); plaintiff's grievances pertaining to the confiscation of his hot-pot (#33, Ex. A, Ex. B, pp. 37-39, 42-48); the notice of charges (Disciplinary Form I) and preliminary hearing report (Disciplinary Form II) (#33, Ex. B, pp. 40-41); plaintiff's grievances pertaining to the transfer of his approved wheelchair pusher (#33, Ex. C, pp. 50-55, 58-70); a medical memorandum (#33, Ex. C, p.

56); and AWP Walsh's original approval of inmate Andre Woods as plaintiff's wheelchair pusher (#33, Ex. C, p. 57).

Defendants oppose plaintiff's motion on the grounds that: (1) plaintiff misunderstands the summary judgment standard, and actually attempts to show that he has raised genuine issues of material fact for trial; (2) plaintiff has not met his burden of demonstrating the absence of genuine issues of material fact that would entitle him to summary judgment; and (3) because plaintiff has not met his burden, it is unnecessary for defendants to set forth specific facts to defeat summary judgment (#36, pp. 3-4).

Plaintiff responds that: (1) plaintiff has met his initial burden (#37, p. 3); (2) plaintiff's moving papers should not be held to the same standard as those drafted by lawyers (#37, p. 1); (3) plaintiff's "undisputed evidence" establishes that a genuine issue of material fact exists for trial (#37, p. 2); and (4) defendants have failed to offer any evidence to support their position (#37, p. 3).

The court notes that plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.  LAW & ANALYSIS

### A.  RELEVANT LAW

#### 1.  42 U.S.C. § 1983

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert,* 526 U.S. 286, 290 (1999).  Section 1983 does not offer any substantive rights, but provides procedural protections for federal rights granted elsewhere. *Albright v. Oliver,* 510 U.S. 266, 271 (1994).  To prove liability

under § 1983, a plaintiff must: (1) show that a person acting under color of state law engaged in some type of conduct, which (2) deprived the plaintiff of some right, privilege or immunity secured by the Constitution or federal statutory law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overturned on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

### 2. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where there are no factual disputes. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court will grant summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the Supreme Court has noted:

> [W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citations omitted). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d 764, 773-74 (9th Cir. 2002). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific

facts showing the existence of a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and upon which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

On summary judgment the court is not to weigh the evidence or determine the truth of the matters asserted, but must only determine whether there is a genuine issue of material fact that must be resolved by trial. *See Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997). Nonetheless, in order for any factual dispute to be genuine, there must be enough doubt for a reasonable trier of fact to find for the plaintiff in order to defeat a defendant's summary judgment motion. *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**B. ANALYSIS**

Even construing plaintiff's moving papers liberally, the court finds that plaintiff is not entitled to an award of summary judgment in his favor. Plaintiff has not met his initial burden of demonstrating the *absence* of any genuine issue of material fact for trial. *See Celotex*, 477 U.S. at 323; *Orr*, 285 F.3d at 773-74 (moving party bears the burden of informing the court of the basis for its motion, and submitting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial). Instead, plaintiff clearly misunderstands his burden on summary judgment, and argues that there *are* genuine issues of material fact for trial. For example, in his reply, plaintiff argues:

> "Plaintiff submits the only way the Court could determine that no genuine issue of material fact exists would be to throw out the US Constitution and the protections thereto. Plaintiff Country Stevens has shown by undisputed evidence that a genuine issue of material fact does exist and that such evidence (exhibits) is such that a reasonable jury could not return a verdict for the defendants (non moving party) (#37, p. 2).

Further, plaintiff's evidence consists almost exclusively of plaintiff's grievances regarding the confiscation of his hot-pot and the transfer of his wheelchair pusher into another dorm. The court finds this evidence to be inconsistent and self-serving; and does not demonstrate the absence of any genuine issues of material fact for trial.[2]  *See Bagdadi*, 84 F.3d at 1197 (court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party). Accordingly, the court recommends that plaintiff's motion for summary judgment (#33) be denied.

### III. CONCLUSION

Based on the foregoing, and for good cause appearing, the court recommends that plaintiff's motion for summary judgment (#33) be **DENIED**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the District Court's judgment.

---

[2] The court finds that plaintiff's evidence is inconsistent in that plaintiff has not attached any grievances which pre-date the confiscation of plaintiff's hot-pot. Thus, plaintiff's argument that his hot-pot was taken in retaliation for his petitioning activity is not supported by the record. In addition, in one of plaintiff's grievances he indicates that inmate Andre Woods was removed from the dorm because "a situation happened in our dorm and other inmates included my pusher in their crap and he was put in another wing" (#33, Ex. C, p. 58). This statement contradicts plaintiff's contention that Woods was transferred to another dorm in retaliation for plaintiff's petitioning activity.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for summary judgment (#33) be **DENIED**.

DATED:  November 7, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**